IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID DEBERRY,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:23-cv-00694

CORRECTIONAL ORFFICER JUSTIN WADE, et al.,

        Defendants.

## ORDER

Pending before the court is Plaintiff's Motion to File Under Seal, [ECF No. 30]. Defendants did not respond to the motion. It is now ripe for review.

According to Local Rule of Civil Procedure 26.4(c)(2), a motion to seal must be accompanied by a memorandum of law that contains "(A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." Loc. R. Civ. P. 26.4(c)(2)(A)–(C). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." Loc. R. Civ. P. 26.4(c)(1). The court will only seal documents when "exceptional circumstances" are present. *Id.*

The Plaintiff filed a memorandum, [ECF No. 31], arguing that two exhibits attached to his Response to Defendants' Motion for Summary Judgment should be filed under seal. Plaintiff asserts that filing under seal is appropriate because the "exhibits were produced pursuant to a protective order and are considered confidential and protected by the defendant." [ECF No. 31, at 1].

I am under no obligation to seal documents just because they are designated "confidential" under a protective order. The protective order in this case, [ECF No. 22], merely provides for the procedure to request sealing. It is the proponent's burden to persuade the court that the documents should be withheld from the public. [ECF No. 22]; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The fact that the exhibits are designated confidential is not enough to justify sealing. Plaintiff also fails to discuss alternatives to sealing, the duration of the seal, and the propriety of sealing in contrast to the public's interest. Plaintiff's memorandum of law does not comply with Local Rule 26.4(c)(2).

For those reasons, Plaintiff's Motion to Seal, [ECF No. 30], is **DENIED.** The court **DIRECTS** the Clerk to file Exhibits A and B on the docket at ECF No. 32, accompanying Plaintiff's Response to Defendants' Motion for Summary Judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   November 19, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE